GEORGE E. WHITTEN *vs.* CHARLES R. SPIEGEL, SHERIFF.

Third Judicial District, Bridgeport, April Term, 1896.    ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Under *habeas corpus* proceedings brought to the civil side of the Superior Court, the record of a former criminal term of that court showing that an indictment against the petitioner had been duly found and returned as "a true bill," cannot be contradicted by parol evidence that such indorsement of the indictment was a clerical mistake of the foreman and that the grand jury had in fact found the indictment not a true bill.    Under such circumstances the record of the criminal court is conclusive, and the prisoner must resort, in the first instance at least, to the court the verity of whose record is called in question.

[Argued April 21st—decided April 23d, 1896.]

PETITION for a writ of *habeas corpus*, brought to the Superior Court in New Haven County and tried to the court, *Shumway, J.;* facts found and judgment rendered in favor of the respondent, and appeal by the petitioner for alleged errors in the rulings of the court.    *No error.*

*William H. Baker* of Boston, and *Albert D. Penney*, for the appellant (petitioner).

A pretended indictment, to which none of the grand jurors

ever consented, or agreed to present as a true bill, is illegal and void, and gave the court no jurisdiction whatever. Const. of Conn., Art. 1, § 9; Gen. Stat., § 1599; *Ex parte Baine,* 121 U. S., 1; *Ex parte Wilson,* 114 id., 417; *Ex parte Swain,* 19 Tex. App., 323; *Ex parte Fairly,* 40 Fed. Rep., 56; *Ex parte Lange,* 18 Wall., 163; *Ex parte Parks,* 93 U. S., 18; *Bion's Appeal,* 59 Conn., 372; *Lott* v. *State,* 18 Tex. App., 627; *McNease* v. *State,* 19 id., 48; Church on Habeas Corpus, 2d Ed., § 250; *Elliott* v. *Peersol,* 1 Pet., 340; *Re Neilson,* 131 U. S., 176; *Ex parte Siebold,* 100 id., 371. The testimony of grand jurors is admissible to prove what verdict they actually agreed to present, when a wrong verdict or finding had been entered up and returned by mistake. *Izer* v. *State,* 26 Atl. Rep. (Md.), 282; *State* v. *Coffee,* 56 Conn., 399; *State* v. *Horton,* 63 N. C., 595; *Low's Case,* 4 Greenl. (Me.), 439; *Little* v. *Larabee,* 2 Me., 37; *Capen* v. *Stoughton,* 16 Gray, 364; *Dalrymple* v. *Williams,* 63 N. Y., 361. The indorsement of the indictment " a true bill " is but *prima facie* evidence of the grand jurors' finding, and can be rebutted by any legal proof. *State* v. *Horton,* 63 N. C., 595; *People* v. *Lawrence,* 21 Cal., 368; *White* v. *Conn,* 29 Gratt. (Va.), 824; *Parker* v. *State,* 29 S. W. Rep., 480.

*William H. Williams,* State's Attorney, for the appellee (respondent).

The indictment and the indorsement thereon is in due form and had become and was a record, importing absolute verity, and so long as the record remains, no defect in the evidence upon which it was founded, nor any irregularity in the proceedings, however great, can furnish any answer to it. *People* v. *Hurlbut,* 4 Denio, 133; *Wickwire* v. *The State,* 19 Conn., 487, 489; *In re Bion,* 59 Conn., 372; *In re Belt,* 159 U. S., 95. The testimony of the foreman and other members of the grand jury was properly excluded. The law upon this subject has long been well settled in this State. *State* v. *Fassett,* 16 Conn., 458; *Meade* v. *Smith,* ibid., 346; *Woodward* v. *Leavitt,* 107 Mass., 453–460. The recent case of *State* v. *Hamlin,* 47 Conn., 95, is identical with this; and

the case of *State* v. *Coffee*, 59 id., 399, does not modify the doctrine of the earlier cases.

PER CURIAM. The appellant was a prisoner in the custody of the Superior Court for New Haven County under an order, made at a term held for the transaction of criminal business, committing him for want of bail upon an indictment for murder in the second degree, to which he had pleaded, Not guilty. Such a term of the court is held quarterly, and one is now in progress. He has sought release from confinement by *habeas corpus* proceedings, brought to a term of the same court, held for the transaction of civil business; and the ground on which he relies, as set up in his pleadings, is that the foreman of the grand jury, by a clerical mistake, indorsed the indictment against him as a true bill, although in fact it had been found not to be a true bill.

This is an attempt to vary the records of a court of general jurisdiction by parol evidence, produced before another tribunal in a collateral proceeding. If such a mistake, as is set up, was made, and if the prisoner has a right to ask for its correction, it is obvious that he should resort, first at least, to the court the verity of whose records is called in question.

It is urged that he has been put to plead and held to trial for murder upon an indictment to which none of the grand jurors ever agreed; and therefore that the Superior Court had no jurisdiction to make the order of commitment. General Statutes, § 1599; Constitution of Connecticut, Art. I., § 9; Constitution of the United States, XIV., Amendment, § 1. The records of that court, however, show that an indictment was duly agreed to and presented, and are, in this proceeding, conclusive evidence that the cause against him was fully within its jurisdiction.

There is no error in the judgment appealed from.