ELSA F. SCHMID *v.* JOHN G. SCHMID

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 86250

Memorandum filed April 15, 1955.

*Joseph I. Davidson* and *Harold E. Stuart*, both of Stamford, for the plaintiff.

*Louis J. Iacovo* and *Joseph J. Rinaldi*, both of Stamford, for the defendant.

MURPHY, J. The plaintiff was awarded a decree of divorce for intolerable cruelty and alimony on December 11, 1952. Custody of the two minor children was awarded to her and the defendant was ordered to pay $10 per week for the support of each child "when the present custody arrangement of the Juvenile Court terminates." He is alleged to be in arrears on both alimony and support for one of the boys. Question has arisen as to the validity of the custody and support order.

Commitment of both boys to public agencies had been made by the Juvenile Court prior to the divorce decree. It had also made appropriate orders for their support for violation of which it can punish for contempt. General Statutes § 2819. As it has "exclusive original jurisdiction over all proceedings concerning uncared-for, neglected, dependent and delinquent children . . . except in matters of guardianship and adoption and all other matters affecting property rights of any child over which the probate court has jurisdiction," the Superior Court erroneously assumed jurisdiction in making the award of custody and support prior to the termination of the Juvenile Court commitment. §§ 2805, 2813. Unless sooner terminated, commitments by the Juvenile Court continue until the child is twenty-one years of age. § 2814.

While the Superior Court has exclusive jurisdiction of divorce; § 7327; orders with respect to custody and support are incidental thereto. §§ 7337, 7339; *Dunham* v. *Dunham,* 97 Conn. 440, 443. So as to avoid conflict in cases such as this, § 237 of the Practice Book provides that divorce complaints shall give the names and dates of birth of minor children and the names of persons or agencies responsible under judicial award for their custody or support.

The assumption of jurisdiction by a juvenile court over a child, in conforming to a statute expressly conferring on that court the power to determine the custody of a neglected or delinquent child, has been held to end, or to prevent, the assumption of jurisdiction over such child by another court. Notes, 11 A.L.R. 147, 78 A.L.R. 317, 31 Am. Jur. 797. "The line separating want of jurisdiction from an erroneous exercise of jurisdiction is not always a plain one." *Ferrie* v. *Trentini,* 111 Conn. 243, 248; *Terry's Appeal,* 67 Conn. 181, 185.

As the evidence did not break down the arrearages for alimony as distinguished from support, it will be impossible at this time to pass upon the claim that defendant is in contempt for nonpayment of alimony.

As it is inconsistent for the order for custody and support to exist while the Juvenile Court commitment is in force, the judgment of divorce is hereby modified by annulling the order awarding custody of the children to the plaintiff and directing the defendant to pay support for them to her. § 7337.