PASQUALINA SELVAGGI *v.* HYMAN B. LENDER ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 88060

Memorandum filed June 17, 1958

*Matthew G. Galligan,* of Wallingford, for the plaintiff.

No appearance filed for the defendants.

MacDonald, J. This is an application for a writ of habeas corpus by the mother of Albert Selvaggi, Jr., a child of six years, whose custody was awarded to his mother, the applicant, in a decree of divorce entered in the Superior Court for New Haven County on June 22, 1955.

According to the return filed by the named defendants, Hyman and Nicoletta Lender, at some time subsequent to the entry of the divorce decree, application was made to the Juvenile Court for the second district of Connecticut for an order placing the Selvaggi child in the custody of someone other than his mother as a neglected and dependent child. After a hearing at which the mother appeared and was fully heard, an order was entered by the Juvenile Court placing the child in the custody of Mr. and Mrs. Lender, in whose custody the child has remained ever since and from whose custody this application, by the mother, seeks to remove the child.

It also appears from the return that there is presently pending in the Probate Court for the district of New Haven an application by these defendants for the removal of the mother as parent and natural guardian of the child, as an unfit person to have his custody, this being part of an adoption

proceeding whereby the defendants seek to adopt the child and in which the final hearing has not yet been held but has been scheduled for June 19, 1958, in said Probate Court. The facts above set forth, as taken from the return, are conceded to be true and the matter has been submitted to the court without the introduction of evidence for a determination as to whether or not the question of custody should be decided by this court on the pending application for a writ of habeas corpus, or whether such question should be left for determination by the Juvenile Court and the Probate Court, where proceedings already have been instituted.

Counsel in behalf of the plaintiff, the mother of the child, makes the claim that the Superior Court, having awarded custody to the mother in the divorce action, retains jurisdiction over this matter and that such jurisdiction should be considered as exclusive, relying, apparently, upon the authority of §§ 79-81 of 1 Locke & Kohn, Connecticut Probate Practice. A careful reading of the relevant sections referred to and the cases therein cited, however, clearly indicates that while the Superior Court undoubtedly does have jurisdiction, it is a jurisdiction which is concurrent with that of the Juvenile Court and the Probate Court in a matter such as this; that there is a choice of several remedies either one of which could properly be followed by the aggrieved party attempting to determine the proper custody. This is clearly pointed out in § 80 of the text referred to.

Section 1576d of the 1955 Supplement to the General Statutes provides, in part, that the "juvenile court shall exercise exclusive original jurisdiction over all proceedings concerning uncared-for, neglected, dependent and delinquent children within this state, except in matters of guardianship and adoption and all other matters affecting property rights of any child over which the probate court has juris-

diction." Section 1579d provides for appeals to the Superior Court from orders thus entered by the Juvenile Court.

Under the statute above cited it appears quite clear that it was proper to bring an application to the Juvenile Court if a change of circumstances following the awarding of custody in the divorce action indicated that the mother, who had been awarded custody, had become an unfit person to care for the child and that the child was being neglected. The mere fact that the child, claimed to be neglected, was living with his mother as a result of a Superior Court decree did not require that the desired remedy be sought in the same court. Undoubtedly it would have been proper for the father, the defendant in the original action for divorce, to file a motion with respect to a change of custody, but the claim of neglect apparently was made by the selectmen of the town in which the child was residing at the suggestion or request of Mr. and Mrs. Lender, the defendants. In *Don* v. *Frankel,* 136 Conn. 411, the Supreme Court upheld the action of the Court of Common Pleas in taking jurisdiction to determine the custody of a child by habeas corpus proceedings where no steps had been taken in any other court. But that case, cited by plaintiff, is distinguished by the opinion therein from the earlier case of *LaBella* v. *LaBella,* 134 Conn. 312, where a petition for adoption had previously been filed in the Probate Court and the Superior Court rightly refused to interfere by taking jurisdiction in a divorce proceeding.

As pointed out in the case of *Amato* v. *Erskine,* 100 Conn. 497, 499, as between co-ordinate courts, a writ of habeas corpus will not be entertained while the court which first took jurisdiction still has power and until the jurisdiction of the original tribunal has been exhausted. As more recently stated in the case of *Wojculewicz* v. *Cummings,* 143 Conn. 624, 628,

"[b]ecause of the limitations to which it is subjected, habeas corpus cannot be utilized as a substitute for an appeal of the original action, or for a writ of error, or for a petition for a new trial." See also *In re Bion,* 59 Conn. 372, 386. In general, courts will not and should not allow habeas corpus proceedings for the custody of a child while another proceeding in which custody will be determined is pending, unless it clearly appears that a failure to allow the writ will result in serious prejudice to the child's health or morals. 39 C.J.S. 571; see also *Scott* v. *Furrow,* 141 Conn. 113.

It has often been stated by our Supreme Court that in any case involving the question of the custody of a minor child, the determinative consideration is what is best for the welfare of the child. *Murphy* v. *Murphy,* 143 Conn. 600, 603; *Sullivan* v. *Sullivan,* 141 Conn. 235, 242. It would not appear to be to the best interests of this child's welfare to open up new proceedings in the Superior Court while proceedings, properly instituted, are still pending in the Probate Court for the district of New Haven and, more especially, where no appeal was taken to the Superior Court from the order entered by the Juvenile Court placing the child in the custody of these defendants. This conclusion seems to receive considerable support from the memoranda of decision in *Schmid* v. *Schmid,* 19 Conn. Sup. 370, and *Scire* v. *Mecum,* 19 Conn. Sup. 373.

The application for a writ of habeas corpus is denied.