[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 17, 2000, the petitioner, Nola Oliphant, began this action seeking habeas corpus relief on behalf of friend, a resident of a convalescent home, known as Roncalli Health Center, located in Windham. In a nutshell, the application for a writ of habeas corpus and the return thereto raise the issues of whether the resident, A.D. Joseph Emerzian, is capable of making decisions regarding his present and future care, and if incapable, who should make those decisions for him. CT Page 5643
This opinion addresses a preliminary question regarding the court's jurisdiction to afford habeas corpus relief while a Probate Court is conducting proceedings aimed at resolving the same issues. The court concludes that habeas corpus relief is unavailable under these circumstances.
It is undisputed that the petitioner's daughter, Vorceila Oliphant, petitioned the Windham Probate Court in October 1999 to be appointed conservatrix for Emerzian. Emerzian's sister-in-law, Florence Pollio, resists that appointment and claims that Emerzian conferred upon her authority to make medical care decisions for him by way of a durable power of attorney. The probate judge appointed an attorney to represent Emerzian in that proceeding, which is pending.
The petitioner has brought this habeas corpus action because the Probate Court is taking too long in resolving the matter, and she contends Emerzian wishes to leave the convalescent home.
Habeas Corpus is an extraordinary writ which presupposes that the person detained has exhausted all other remedies available, Amato v.Erskine, 100 Conn. 497, 501 (1924). Intervention by a habeas court in another court's proceeding is against public policy and violates considerations of comity, Id. The writ cannot substitute for appeal or a new trial, Scire v. Mecum, 19 Conn. Sup. 373, 375 (1955).
The very issue raised in the present action was decided, in the context of the removal of a guardian for a minor, Selvaggi v. Lender,21 Conn. Sup. 73 (1958). In that case, the petitioner sought habeas corpus relief in the Superior Court despite the fact that a hearing to remove the guardian was then pending in the Probate Court. The Superior Court dismissed the writ ruling that "courts will not and should not allow habeas corpus proceedings for the custody of a child while another proceeding in which custody will be determined is pending, unless it clearly appears that a failure to allow the writ will result in serious prejudice to the child's health," Id., 76.
The court adopts the holding of Selvaggi v. Lender, supra, for the following reasons. Permitting this habeas corpus action to go forward creates the very real possibility of inconsistent or incompatible findings and orders by the two courts. The inconvenience to parties and witnesses will be doubled. The expenses incurred will be unnecessarily exacerbated. The consumption of judicial resources will be unnecessarily increased. The permitting of parallel proceedings would encourage forum shopping by whichever party perceives that the probate proceedings might by unfavorable. CT Page 5644
Additionally, the Superior Court lacks jurisdiction over matters which are specifically within the jurisdiction of the Probate Courts, LaBellav. LaBella, 134 Conn. 312, 317 (1948). The power to determine the need to appoint a conservator is one our legislation has squarely given to the Probate Court, General Statutes §§ 45a-644 through 45a-663.
For these reasons, the court dismisses the application for writ of habeas corpus.
 ___________________ J. Sferraza, J.