Ex parte VILES.

(District Court, W. D. Washington, N. D. June 27, 1905.)

No. 3,056.

INDIANS—SELLING LIQUOR TO ALLOTTEES—EFFECT OF AGREEMENT WITH NEZ PERCES.

The provision of article 9 of the agreement made May 1, 1893, with the Nez Perce Tribe of Indians, confirmed by Act Aug. 15, 1894, 28 Stat. 330, c. 290, that allottees of such tribe, whether under the care of an Indian agent or not, shall be subject for a period of 25 years "to all the laws of the United States prohibiting the sale or other disposition of intoxicants to Indians," can apply only to Indians who received their allotments and acquired their rights of citizenship pursuant to such agreement, and cannot affect the status of one who had previously acquired such rights, and had become subject to state laws, so as to give force and validity as to him, to the unconstitutional act of January 30, 1897, 29 Stat. 506, c. 109, making it a crime to sell liquor to Indian allottees.

Application for a writ of habeas corpus to discharge the petitioner from imprisonment under a sentence for selling liquor to an Indian to whom an allotment of land had been made within the Nez Perce Indian Reservation, in violation of the act of Congress of January 30, 1897 (29 Stat. 506, c. 109), which makes it a criminal offense to sell intoxicating beverages to Indian allottees. Petitioner discharged.

A. H. Denman, for petitioner.

Jesse A. Frye, U. S. Dist. Atty.

HANFORD, District Judge. The petitioner, being under sentence to serve two years in McNeil's Island Penitentiary for having sold liquor to an Indian to whom an allotment of land had been made, and relying upon the recent decision of the Supreme Court in the case of Albert Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. ——, declaring the act of Congress under which he was sentenced (Act Jan. 30, 1897, 29 Stat. 506, c. 109) to be unconstitutional and

void, filed his petition in this court for a writ of habeas corpus, alleging that his incarceration in the penitentiary is unlawful. The government, by an answer to the petition, alleges that the Indian to whom the petitioner sold liquor is a Nez Perce Indian, having an allotment of land within the Nez Perce Indian Reservation, in Idaho, and sets up as ground for distinguishing this case from the Albert Heff Case article 9 of an agreement, signed by the principal men and male adults of the Nez Perce Tribe of Indians on the 1st day of May, 1893, which agreement was confirmed by an act of Congress dated August 15, 1894 (28 Stat. 330, c. 290). Article 9 of the agreement reads as follows:

"Art. 9. It is further agreed that the lands by this agreement ceded, those retained, and those allotted to the said Nez Perce Indians shall be subject, for a period of twenty-five years, to all the laws of the United States prohibiting the introduction of intoxicants into the Indian country, and that the Nez Perce Indian allottees, whether under the care of an Indian agent or not, shall, for a like period, be subject to all the laws of the United States prohibiting the sale or other disposition of intoxicants to Indians."

The record shows that the petitioner was indicted by a grand jury in the United States District Court for the District of Idaho. The indictment contains two counts, the first of which charges him with having unlawfully introduced spirituous liquor into the Indian country, to wit, the Nez Perce Indian Reservation; and the second count charges him with having sold spirituous liquor, in violation of law, to a Nez Perce Indian to whom an allotment of land had been made. A plea of not guilty having been entered, the petitioner was tried, and the jury returned a verdict finding him "guilty as charged in the indictment," and thereupon the court rendered a final judgment in the following words:

"Now, therefore, the said defendant having been convicted of the crime of selling liquor to an Indian, it is hereby considered and adjudged that the said defendant, George Viles, do pay a fine of two hundred dollars, and that he stand committed until said fine is paid, and that he be imprisoned and kept in the U. S. Penitentiary at McNeil's Island, state of Washington, for the term of two years; and it is further ordered and adjudged that said defendant be, and is hereby, remanded to the custody of the United States marshal for Idaho, to be by him delivered into said prison, and to the proper officer or officers thereof."

The record does not show what disposition was made of the first count in the indictment, charging the petitioner with the offense of introducing liquor into the Indian country; but, from the description of the offense, there is a reasonable inference that both counts of the indictment related to one and the same transaction, and that by the judgment of the court he was sentenced to be punished only for the crime of selling liquor to an Indian who is described in the indictment as an Indian to whom an allotment of land had been made, the title to which was held in trust by the government of the United States. In a case prosecuted under section 2139, Rev. St. U. S., an indictment, to be sufficient, would have to aver that the Indian was under charge of an Indian agent or superintendent of the United States; and until the act of 1897 it was not criminal, under the national laws, to sell liquor to Indians not under the charge of such agent or superintendent. Therefore the judgment has no

foundation in law, other than the act of Congress of 1897, which the Supreme Court declared to be unconstitutional in so far as it makes criminal the act of selling liquor to an Indian who has acquired the rights of citizenship by receiving an allotment of land in severalty.

The sole question now to be decided is whether the conviction of the petitioner can be sustained, notwithstanding the decision of the Supreme Court in the Heff Case, by reason of the ninth article of the agreement made with the Nez Perce Tribe of Indians, above quoted. That agreement, having been confirmed by an act of Congress, has all the force and virtue of law, to the extent of the power of Congress to abridge the rights and privileges of Indians of the Nez Perce Tribe to whom allotments of land had been previously made. So regarding it, I am unable to make any application of its provisions to affect the validity of the sentence imposed upon the petitioner. The agreement does not define any crime, nor prescribe punishment for the act of selling liquor to a Nez Perce Indian. It was made and was confirmed by Congress long prior to the act of 1897 prohibiting the sale of intoxicating beverages to Indian allottees. The act of the petitioner specified in the indictment as constituting the offense of selling liquor to an Indian is not criminal or punishable under any law previously enacted, and the only argument to be founded upon the treaty is this: that the stipulation in article 9 fixes the status of the Nez Perce Indians as being subject to laws to be enacted in the future, and, they being subject to the power of Congress to enact laws prohibiting the sale of intoxicating beverages, the act of 1897 affects them differently from other Indians not parties to the agreement. Possibly this argument might be sustained if the Nez Perce Indians received their allotments and acquired the rights of citizenship pursuant to the agreement, and with the limitations assented to in the agreement itself, or by receiving allotments under its terms and conditions; but the agreement provides for allotments only of certain land to be selected in lieu of and in exchange for allotments previously made, and the record in this case does not show that the Indian referred to in the indictment selected or received a lieu allotment. It does not appear from the record when he did receive his allotment, and the only presumption on the subject is that his allotment had been made at a time previous to the date of the agreement, and that he was then, by virtue of the act of Congress of February 2, 1887 (24 Stat. 388, c. 119,) enfranchised as a citizen of the United States, with all the rights, privileges, and immunities of citizens, and subject to the laws of the state of Idaho. I understand the decision of the Supreme Court in the Heff Case as a broad declaration of a fundamental principle—that Congress has no power by special legislation to classify citizens, so as to create race or other distinctions, and subject one class or grade of citizens to police regulations not applicable to all citizens, and incompatible with the reserved power of the states to enact and enforce valid local laws, and that when an individual has once acquired the rights and privileges of a citizen, and become subject to state laws, his status cannot be changed by an act of Congress, without his individual consent and the concur-

rent assent of the state in which he resides. I therefore conclude that the agreement referred to is impotent to give force and validity to the act of 1897 upon which the judgment against the petitioner appears to be founded.

For the reasons stated, an order will be entered directing that the petitioner be discharged from imprisonment.