Ex parte COLUMBIA GEORGE.

(Circuit Court, W. D. Washington, N. D. April 12, 1906.)

No. 1,399.

HABEAS CORPUS—JURISDICTION OF TRIAL COURT—QUESTIONS OF FACT.

A prisoner, serving a sentence imposed on a conviction of crime by a court of the United States, cannot be discharged on a writ of habeas corpus, on the ground that the court was without jurisdiction, where such jurisdiction depends on questions of fact which must be conclusively presumed to have been determined adversely to his contention by the trial court.

On Petition for Writ of Habeas Corpus.

R. J. Slater, for petitioner.
Jesse A. Frye, U. S. Atty.

HANFORD, District Judge. The following is a condensation of the statement of facts, contained in the brief filed in behalf of the petitioner for a writ of habeas corpus:

The petitioner is an Indian, and was an inhabitant of the Umatilla Indian reservation, in the state of Oregon, at the time of the commis-

sion of the offense for which he is now incarcerated in the United States penitentiary, on McNeill's Island, in this state. In the month of May, 1901, he, together with an accomplice, who is an Indian, murdered an Indian woman, named Annie Edna, by administering strychnine contained in alcohol, which they induced the woman to drink. The offense· was committed upon a tract of land situated within the boundaries of the Umatilla Indian reservation, which had been previous to the offense allotted to another Indian woman, under the provisions of the laws providing for allotments. The petitioner, after being arrested, confessed the crime, and gave as his motive that he and his accomplice believed that the victim was a witch, who had tried to cause his death, by making him sick. He was indicted, tried, convicted, and sentenced to.be hanged in the circuit court of the state of Oregon for Umatilla county. That judgment, however, was reversed by the Supreme Court of Oregon, for the reason that, in the opinion of the appellate court, the offense having been committed by an Indian upon an Indian, within the limits of an Indian reservation, was within the exclusive jurisdiction of the Circuit Court of the United States for the District of Oregon. State v. Columbia George, 65 Pac. 604. The petitioner was thereafter indicted in the United States Circuit Court for the District of Oregon, and tried and convicted therein, and sentenced to be imprisoned for life, and in the execution of the sentence he was imprisoned for a time in the Oregon state penitentiary, and afterwards removed to the United States penitentiary on McNeill's Island in this state.

The grounds ·upon which it is claimed that the petitioner should be discharged, as stated in the petition and relied upon in the argument, are that the petitioner is an Indian born within the United States, to whom an allotment of land had been made previous to the commission of the offense, and his status had been changed from that of an ordinary Indian, subject to the control of the Indian Department of the government, to· that of a citizen of the United States, having all the rights, privileges, and immunities of citizenship, and subject to the laws of the state in which he was domiciled, and therefore the Supreme Court of Oregon erroneously decided that the offense was within the exclusive jurisdiction of the United States Circuit Court, and the latter court did not have jurisdiction of the case. In re Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. 848; Ex parte Viles (D. C.) 139 Fed. 68.

This contention involves questions of fact and of law, which were necessarily adjudicated by the United States Circuit Court for the District of Oregon, in adjudging.petitioner to be guilty of the offense charged in the indictment against him, and sentencing him to be imprisoned for life. I say "necessarily" because, if upon the trial the petitioner had proved as facts that he was born within the United States, and that he had received an allotment of land, and had asserted the incidental rights of citizenship in bar of the prosecution, he should have been acquitted. Every defense available upon his trial must have been disposed of by the court in which he was tried, whether pressed upon the attention of the court or not. That court was at

that time legally competent to declare the law applicable to the case, and the jury had authority, which this court does not have, to find the material facts, and the judgment of the court is conclusive as to all questions which might have been litigated, as well as those which were argued and expressly decided. If the judgment of the court was erroneous, because contrary to the evidence with respect to any material fact, or not based upon sufficient evidence, or by reason of the misinterpretation or misapplication of the law, the petitioner had the right to a writ of error, during the time prescribed for suing out a writ of error in the Supreme Court of the United States. If, under a belief that a review of his case by writ of error would not benefit him, he has lost that right, by the flight of time, then, as the court which rendered the judgment was a court of competent jurisdiction, its judgment necessarily establishes the law for his case, and he is bound to abide by the judgment, unless he can still obtain relief in a court having appellate jurisdiction, and it appears that he has made an application to the Supreme Court for a writ of habeas corpus, which has been denied.

If the court which sentenced the petitioner to be imprisoned for life erred in exercising jurisdiction, it is equally true that he has had the benefit of an erroneous decision of the Supreme Court of Oregon, in denying the jurisdiction of the court in which he was first tried, for by that decision he escaped the extreme penalty for the atrocious crime of which he has been pronounced guilty by the verdicts of two juries, and he certainly has no ground to complain of injustice. His case is distinguishable from the Heff Case and the Viles Case, by the fact that in each of those cases the judgment was void because founded upon a statute which the Supreme Court held to be unconstitutional, and in the Viles Case the invalidity was apparent on the face of the record, whereas, in this case, the indictment alleges the facts constituting the crime of murder and the jurisdictional facts, and does not allege any fact inconsistent with a valid judgment, and in the argument counsel for the petitioner admitted that the judgment could not be impeached, unless this court would receive and consider evidence to prove the nativity of the petitioner, and that he was an allottee at the time of the murder; those facts being dehors the record.

Petition denied.