## SYDNEY C. PERELL *vs.* WARDEN OF STATE PRISON OF THE STATE OF CONNECTICUT

First Judicial District, Hartford, May Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 6th—decided June 9th, 1931.

*Herbert A. de Lima* and *Jackson Palmer,* for the appellant (petitioner).

*Lorin W. Willis,* Assistant State's Attorney, with whom, on the brief, was *William H. Comley,* State's Attorney, for the appellee (respondent).

AVERY, J. The petition for the writ alleged in general terms that the prisoner, Henry Finnegan, was unlawfully confined in the state prison at Wethersfield, by the warden thereof. The return to the writ sets forth a mittimus issued by the Superior Court for Fairfield County, by which Finnegan was held in custody; and a copy of the mittimus was annexed to the return. No attack is made upon the form of the mittimus, nor is any claim made that it did not conform to the judgment of the court. A certified copy of the information and of the judgment of the court was also filed with the return; and from them, it appears that the information charged the prisoner with the crime of rape, committed in Stamford June 15th, 1930; that the prisoner appeared and plead not guilty; and after full hearing, the case was committed to the jury, who returned a verdict of guilty; and it was thereupon considered by the court that the prisoner was guilty in the manner and form as charged in the information; whereupon, the court imposed sentence to the Connecticut state prison at Wethersfield for a period not exceeding ten years, as a maximum term, and not less than six years, as a minimum.

The reply of the petitioner to the return of the respondent sets forth the claim that at the trial, the State failed to prove the crime charged was committed in the State of Connecticut, or in the county of Fairfield, and therefore the court was without jurisdiction to render any judgment, or impose any sentence in the case. The respondent then moved to strike out the reply of the petitioner for the reasons (a) that such reply was irrelevant and immaterial; (b) it was not

alleged that the court was without jurisdiction over the person of Finnegan or of the offense charged against him; (c) it was not claimed that upon the face of the record, the judgment was void as beyond the exercise of the court's jurisdiction; (d) it was not alleged that the crime was one for which Finnegan could not be lawfully sentenced and imprisoned in the Connecticut state prison. The judge, before whom the petition was brought, overruled the respondent's demurrer and granted the motion to strike out the petitioner's reply; and directed judgment for the respondent. Thereafter, the petitioner moved to set aside the judgment on the ground that a summary judgment had been rendered upon an interlocutory motion; and that the petitioner should be permitted to present the entire record of the trial of Finnegan, with such other material facts as would sustain the petitioner's reply. The petitioner also moved to amend his reply by substituting another containing in substance the same allegations as were contained in the first which had been stricken out, and annexed thereto a copy of the evidence in the case as tried before the jury in the Superior Court, with certain affidavits which, it was claimed, tended to prove that on the night when the crime was committed, Finnegan and his victim had been in the State of New York. It was further claimed this evidence would establish that the crime was committed in the State of New York, and not in Fairfield County. These motions to set aside the judgment and for permission to file the substitute reply were denied. The contention made by the various assignments of error is that *Judge Jennings,* upon habeas corpus, should have examined the testimony taken at the trial, and such other testimony as the petitioner might produce, and determine whether or not the rape in question was committed in Fairfield County or in the State

of New York. No issue was raised, nor could any be maintained, that the accused was not lawfully in the custody of the court; or that the court was without jurisdiction to punish the crime charged; or that the sentence imposed was beyond that provided by the statute. The real question which the petitioner here seeks to raise involves the sufficiency of the evidence upon which Finnegan was convicted.

The limitations upon the power of the court or a judge on habeas corpus to review irregularities or errors of procedure or questions as to the sufficiency of evidence in the original case where a judgment is valid upon its face, are well settled in this State. We quote from the opinion of JUDGE LOOMIS in *In re Bion,* 59 Conn. 372, 386, 20 Atl. 662: "To us it seems a singular misconception of the true function of such a writ to give it the force of a writ of error, a motion for a new trial, or an appeal of the original case. . . . The acceptance of such a principle as good law would open a very short but much traveled road, for the practical reversal of all judgments resulting in imprisonment, both as to matters of law and as to matter of fact. To accept such a doctrine would be to eliminate from our jurisprudence some of its most sacred principles. . . . Where one is committed to jail pursuant to a judgment valid on its face, by a court having jurisdiction, and by virtue of legal process valid on its face, the attack on the judgment under a writ of habeas corpus must necessarily be collateral, and subject to the rule restricting collateral attacks, and if so, the validity and present force of the process are the only proper subjects for investigation under such a writ in such a case." See also *Amato* v. *Erskine,* 100 Conn. 497, 503, 123 Atl. 836; *Ex parte Columbia George,* 144 Fed. 985, 986; *Ex parte Terry,* 128 U. S. 289, 292, 9 Sup. Ct. 77; *Frank* v.

*Mangum*, 237 U. S. 309, 35 Sup. Ct. 582, 590; 12 R.C.L. 1240, 1241.

The Superior Court is one tribunal over the whole State. *Allis* v. *Hall*, 76 Conn. 322, 327, 56 Atl. 637; *Mower* v. *State Department of Health*, 108 Conn. 74, 77, 142 Atl. 473. It is a court of general jurisdiction. *Ansonia* v. *Studley*, 67 Conn. 170, 177, 34 Atl. 1030; *State ex rel. Morris* v. *Bulkeley*, 61 Conn. 287, 374, 23 Atl. 186. As such, it had the power to try the person charged with the particular offense set forth in the information and had power to inquire into and determine whether the offense had been committed within the territorial jurisdiction of the court. The information charged the commission of a crime in Stamford. The judgment-file recites that the accused was found guilty "in manner and form as charged in the information." By reference, the information is incorporated in the judgment-file. *Connecticut Light & Power Co.* v. *Southbury*, 95 Conn. 88, 91, 111 Atl. 360. It thus appears the jury found as a fact the rape occurred in Connecticut. This finding is not open to collateral attack. *United States* v. *Pridgeon*, 153 U. S. 48, 58, 14 Sup. Ct. 746; *In re Lennon*, 166 U. S. 548, 552, 17 Sup. Ct. 658; *People ex rel. Tweed* v. *Liscomb*, 60 N.Y. 559, 571; 1 Bailey, Habeas Corpus, § 34. The petitioner, from the transcript of the evidence taken in connection with the affidavits attached to his petition, sought to show that the assault in question may have occurred somewhere in Westchester County, in the vicinity of a roadhouse conducted by one Paisley in 1930, and not in Long Ridge, Connecticut, where Paisley had operated a roadhouse in 1929. This is an attempt to retry, on habeas corpus, a question of fact already decided by the jury, and conclusively established by the judgment of the court as set forth in the judgment-file. If the petitioner had desired to test the

sufficiency of the evidence produced at the trial to support the finding of the jury, his remedy was by an appeal from the denial of the motion to set aside the verdict. Not having sought to review this question in the manner provided by law, it is not now open to him to attack it collaterally, and to seek to retry it upon a habeas corpus. It follows that *Judge Jennings* was correct in granting the motion to strike out petitioner's reply, and in refusing to allow the filing of an amended reply, which raised no question except the sufficiency of the evidence taken on the trial to support the conviction.

There is no error.

In this opinion the other judges concurred.