DOUGLAS McPHETERS *v.* WILLIAM POLLARD, SHERIFF OF NEW HAVEN COUNTY, ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 6—decided June 3, 1959

*Arthur B. O'Keefe, Sr.,* with whom, on the brief, was *Franklin Coeller,* for the appellant (plaintiff).

*Ellsworth B. Foote,* for the appellee (named defendant).

*Harold M. Mulvey,* with whom, on the brief, was *George W. Crawford,* for the appellee (defendant McManus).

MURPHY, J. The application for the writ alleged that the prisoner, the plaintiff, was being confined in the New Haven county jail and that such confinement was illegal in that his conviction in the state of Virginia deprived him of, and took away from him, his right of trial by jury and in that he was subjected to cruel and inhuman punishments in that state. The defendants, the sheriff of New Haven County and the chief of police of the city of New Haven, filed demurrers to the application on the ground that it did not claim lack of jurisdiction or that the mittimus under which the plaintiff was confined was not valid and on the ground that the writ of habeas corpus was not available to test the constitutionality of the plaintiff's trial, conviction or sentence in another state. We have decided to treat these demurrers as the equivalent of motions to quash the writ which was issued. See *Kennedy* v. *Walker,* 135 Conn. 262, 265, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715. The judge before whom the defendants were required to produce the prisoner sustained the demurrers and certified the proceedings into court. The plaintiff has appealed from the judgment which was rendered upon his failure to plead over.

Examination of the application raises considerable doubt that the writ should have issued. Affirmative allegations showing the deprivation of the plaintiff's legal rights in this state, essential to the issuance of a writ, are lacking. The application should conform generally to a complaint in a civil action. It is a pleading. *Scott* v. *Spiegel,* 67 Conn. 349, 358, 35 A. 262; Practice Book § 305 and Form No. 431.

In view of the manner in which the plaintiff has elected to frame and phrase his application, we shall

assume, as the lower court did and as the plaintiff in his brief inferentially indicates, that he is a fugitive from justice in the state of Virginia. The application does not state the crime of which he was convicted or the sentence, if any, which was imposed. It does not appear whether he was in Connecticut lawfully while on parole or whether he had escaped from the Virginia authorities. For him to have been arrested under the Uniform Criminal Extradition Act, there must have been a warrant. Rev. 1958, §§ 54-163, 54-169. The application did not refer to this essential document or to the mittimus, if any, by which he was committed to jail, let alone state that the process under which he was arrested and committed to jail was invalid. A section of the uniform act assumes that only the legality of the prisoner's arrest will be tested by habeas corpus. § 54-166. The plaintiff has not by his application attempted to test the legality of his arrest in Connecticut; rather, he questions the legality of the original proceedings in a sister state. The constitutionality of his conviction in Virginia and the punishment inflicted there are not proper subjects for review in Connecticut upon a writ of habeas corpus. *Sweeney* v. *Woodall,* 344 U.S. 86, 90, 73 S. Ct. 139, 97 L. Ed. 114.

There is no error.

In this opinion the other judges concurred.