## Dominick A. Mandarano *v.* William L. Tierney, Jr., Prosecuting Attorney

King, C. J., Murphy, Shea, Alcorn and Comley, Js.

Taken on briefs October 2—decided October 29, 1963

*Joseph M. Kaye,* on the brief for the appellant (plaintiff).

*Otto J. Saur,* state's attorney, on the brief for the appellee (defendant).

SHEA, J. The plaintiff has appealed from a judgment dismissing a writ of habeas corpus issued on his application to secure his release from arrest for extradition to Pennsylvania. The warrant of arrest was issued by the governor of Connecticut pursuant to a written demand made by the executive authority of the state of Pennsylvania, under the provisions of the Uniform Criminal Extradition Act (General Statutes §§ 54-157—54-185), alleging that the plaintiff was present in the demanding state at the time of the commission of certain alleged crimes and that thereafter he fled from that state. Accompanying these allegations was a copy of an indictment charging the plaintiff with the commission of those crimes. These documents were properly authenticated by the executive authority of Pennsylvania. Thus all of the requirements essential for the issuance by the governor of Connecticut of a warrant for the arrest and extradition of the plaintiff were satisfied. General Statutes § 54-159; *Moulthrope* v. *Matus,* 139 Conn. 272, 275, 93 A.2d 149; *Ross* v. *Crofutt,* 84 Conn. 370, 373, 80 A. 90; see also *Bloom* v. *Lundburg,* 149 Conn. 67, 73, 175 A.2d 568.

The principal claim of the plaintiff is that his rendition to the demanding state would constitute cruel and unusual punishment violative of the letter and spirit of the due process clause of the fourteenth amendment of the United States constitution. Through his counsel, he points out that he

has rendered distinguished service to his country while a member of the armed forces in Korea, that a psychiatric condition developed as a result of wounds suffered while in the service, that he suffers from a "traumatic war neurosis," that he will continue to support his wife and children and function at a good level of responsibility to them if he is not extradited, and that a trial in Pennsylvania will seriously affect the adjustment which he has made. Obviously, all of these claims tend to arouse sympathy in behalf of the plaintiff, but they furnish no legal support to his claim that he has been or will be deprived of due process of law if he is turned over to the Pennsylvania authorities. If for any proper reason the plaintiff is unfit to stand trial in that state, we assume that his rights will be properly safeguarded there. The Pennsylvania court is the proper forum in which to raise the issue. The scheme of interstate rendition, as set forth in both the United States constitution (art. IV § 2) and the statutes enacted to implement it (18 U.S.C. §§ 3181–3195; Conn. General Statutes §§ 54-157—54-185), contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him. *Sweeney* v. *Woodall,* 344 U.S. 86, 89, 73 S. Ct. 139, 97 L. Ed. 114. Compliance with the mandate of article IV, § 2, of the federal constitution cannot be construed as cruel and unusual punishment in violation of any provision of the constitution.

The trial court did not err in excluding evidence of the opinion of the plaintiff's physician on the psychiatric effects of the plaintiff's rendition. Likewise, there was no error in excluding certain documents relating to the military record of the plaintiff; nor did the court err in excluding evidence of

the mental responsibility of the plaintiff at the time of the alleged crimes in Pennsylvania. There is no merit to any of the claims of error concerning the rulings on evidence.

While this disposes of the appeal, the time consumed in the disposition of these proceedings has aroused our attention. Section 52-470 of the General Statutes makes special provision for the summary disposal of writs of habeas corpus.[1] The rules of practice provide that such matters shall be heard as privileged cases. Practice Book, 1951, § 131 (7). The officer's return shows that the prisoner was brought before a judge of the Circuit Court in the first circuit, pursuant to § 54-166, and was advised of the crimes with which he was charged and of his right to apply for a writ of habeas corpus. Section 54-166 provides that if the prisoner or his counsel desires to test the legality of the arrest, the judge shall fix a reasonable time within which the prisoner may apply for a writ of habeas corpus. Neither the record nor the officer's return indicates whether the prisoner, on his presentation before the judge, expressed any such desire or whether the judge fixed any time within which the prisoner could apply for a writ. Ordinarily, an allowance of a few days would be considered a reasonable time within which to apply. Here, without apparent reason or justification, more than five months elapsed before the plaintiff filed his application.

The judgment of the Superior Court dismissing the writ was rendered on January 5, 1962. The preparation of the plaintiff's appeal to us from that judgment has also consumed an extraordinary amount of time. We see nothing to justify the un-

[1] See Practice Book, 1963, § 457.

warranted delay in filing the papers necessary to perfect this appeal. The plaintiff has been free on bond since the time of his appearance before the judge of the Circuit Court in May, 1961. The delays which have ensued in the prosecution of these proceedings have redounded to his great advantage. Whether he was entitled to bond under the existing circumstances is a question not now before us. See General Statutes §§ 54-171—54-173; *Winnick* v. *Reilly,* 100 Conn. 291, 297, 123 A. 440.

Finally, it is not clear from the record why the prosecuting attorney of the Circuit Court in the first circuit was made the respondent. It does not appear that he was in any way chargeable with the custody of this plaintiff. These observations are made so that future proceedings of this nature will be handled correctly and without the unwarranted delay which has attended the proceedings in this case.

The claims of the plaintiff are without merit, and the judgment of the Superior Court in dismissing the writ was correct.

There is no error.

In this opinion the other judges concurred.