TROY L. POINTER *v.* J. EDWARD SLAVIN, SHERIFF OF NEW HAVEN COUNTY

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 103415

Memorandum filed February 13, 1964

*William B. Ramsey,* of New Haven, for the plaintiff.

*George R. Tiernan,* assistant state's attorney, for the defendant.

FITZGERALD, J.   On January 23, 1964, the plaintiff through counsel applied to the court for the issuance of a writ of habeas corpus, based upon a complaint alleging the grounds in support thereof together with an attached affidavit.   In consequence, the court issued the writ.   The procedure adopted by the plaintiff was in compliance with the Connecticut rule.   Practice Book, 1963, § 451; *McPheters* v. *Pollard,* 146 Conn. 509, 510.   As permitted by another Connecticut rule, the defendant has filed a motion to quash, designed to test the sufficiency of the complaint on which the writ was granted and the propriety of the issuance of the writ.   Practice Book, 1963, § 453.

Basically, it is the claim of the plaintiff, and so alleged in his complaint, which is attacked in law by the defendant in his motion, that the crime for which the plaintiff was indicted, convicted and sentenced in a court of North Carolina (transporting untaxed liquor in that state) constituted a misdemeanor and not a felony by the laws of that state, and that his escape thereafter while imprisoned under sentence imposed by the North Carolina court likewise constituted a misdemeanor and not a felony by the laws of that state, and that he is therefore not the subject of extradition from the state of Connecticut, where he now resides, to the demanding state of North Carolina under the warrant of arrest issued by the governor of Connecticut at the request of the governor of North Carolina. This basic claim puts in issue the legality of the warrant in question on the sole grounds stated.

Article IV, § 2, of the United States constitution provides: "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." Connecticut has adopted the Uniform Criminal Extradition Act, which is contained in chapter 964 of the General Statutes. The warrant of arrest issued by the governor of Connecticut was pursuant to § 54-158 thereof. The Connecticut statutes comprising the Uniform Criminal Extradition Act (§§ 54-157— 54-185) were enacted to implement article IV, § 2, of the United States constitution and all federal statutes relating to matters of interstate rendition. *Mandarano* v. *Tierney*, 151 Conn. 155.

The words of the Connecticut statute (§ 54-158) imposing the duty upon the governor of Connecticut

to have arrested and delivered up to the executive authority of another state are referable to "any person charged in that state with treason, felony or other crime, who has fled from justice and is found in this state." It is to be noted that the words "treason, felony or other crime" are used identically in both the federal constitution and the state statute.

That the plaintiff occupies the status of a fugitive from justice is settled law in Connecticut and has been since 1896. *Drinkall* v. *Spiegel,* 68 Conn. 441, 446. This aspect alone, while not conclusive, weighs heavily against his position.

Since the motion to quash in effect concedes that the crime for which the plaintiff was indicted, convicted and sentenced in a court of North Carolina constituted a misdemeanor, including his subsequent escape while imprisoned, the question then is whether the plaintiff is the proper subject of extradition under the warrant of arrest issued by the governor of Connecticut acting under the federal constitution (article IV, § 2) and the Connecticut statute (§ 54-158). See 22 Am. Jur. 249, Extradition, § 8.

In *Commonwealth* v. *Dennison,* 65 U.S. (24 How.) 66, 99 (1860), the United States Supreme Court, speaking through Chief Justice Taney, had this to say in considering the language of article IV, § 2, of the United States constitution: "Looking to the language of the clause, it is difficult to comprehend how any doubt could have arisen as to its meaning and construction. The words, 'treason, felony, or other crime,' in their plain and obvious import, as well as in their legal and technical sense, embrace every act forbidden and made punishable by a law of the State. The word 'crime' of itself includes every offence, from the highest to the lowest in the grade of offences, and includes what are called 'misdemeanors,' as well as treason and felony."

The view expressed by the United States Supreme Court over a hundred years ago in the case cited, that the words "or other Crime," employed in article IV, § 2, of the United States constitution, necessarily include those offenses called "misdemeanors" has never been challenged during the intervening years. The view applies with equal force in considering the same words employed in the Connecticut statute. As recently as 1961, the Court of Criminal Appeals of Oklahoma, in denying a writ of habeas corpus in a situation closely parallel to the one at bar, did so in reliance upon the view expressed in *Commonwealth* v. *Dennison,* supra. *Starks* v. *Turner,* 365 P.2d 564, 566 (Okla). Reference is also made to *People ex rel. Hackler* v. *Lohman,* 17 Ill. 2d 78, in which the Supreme Court of Illinois affirmed the quashing of a writ of habeas corpus by the trial court. In that proceeding, as in the one at bar, the demanding state was North Carolina.

As a matter of law, it amply appears that the governor of Connecticut was not only justified but obliged to issue the warrant of arrest the legality of which the plaintiff is attacking in this proceeding. What was said by our Supreme Court of Errors in *McPheters* v. *Pollard,* 146 Conn. 509, 510, in upholding the action of the trial judge in sustaining a demurrer in the nature of a motion to quash, directed to the plaintiff's application for a writ of habeas corpus, applies equally to the disposition of the interposed motion to quash in the present proceeding: "Affirmative allegations showing the deprivation of the plaintiff's legal rights in this state, essential to the issuance of a writ, are lacking."

The defendant's motion to quash the writ of habeas corpus is required to be, and is, granted. That part of the motion which asks to have the writ

dismissed is treated as surplusage. Final judgment can only enter upon the plaintiff's failing to plead further, supplemented by a motion for judgment for his failure to so plead at the instance of the defendant. See procedure followed in the *McPheters* case, supra.