RAMOS J. BARBEE *v.* JOSE SANTOS, WARDEN, COMMUNITY CORRECTIONAL CENTER, BRIDGEPORT

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued March 4—decision released April 1, 1975

*Charles Townsend, Jr.,* for the appellant (plaintiff).

*Walter D. Flanagan,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (defendant).

PER CURIAM. The plaintiff applied for a writ of habeas corpus to test the legality of his arrest under a warrant issued by the governor of Connecticut pursuant to the authority of § 54-163 of the General Statutes and upon a demand for extradition made by the governor of California, all in accordance with

the provisions of the Uniform Criminal Extradition Act. General Statutes, c. 964. The court denied the writ and the plaintiff brought the present appeal from that judgment.

We find no merit whatsoever in the plaintiff's appeal. The finding of the court, which is not subject to any material correction, discloses a proper extradition request from California to extradite the plaintiff for the crime of forgery committed by the plaintiff in that state and that the plaintiff was in California at the time of the offense alleged. The plaintiff admitted depositing $40,000 worth of stolen checks and money orders in his personal savings account in California, leaving that state and driving to Connecticut where he was arrested for larceny when he attempted to transfer funds from the California savings account to a Connecticut bank.

The court concluded that the plaintiff was present in California at the time of the commission of the alleged crime, that he fled from there and is a fugitive from that state, that California has made the appropriate written demand specified by the Uniform Criminal Extradition Act, that the plaintiff would not be deprived of his constitutional rights by being returned to California, and that returning him to that state would not be injurious to his health and would not endanger his life. The latter two findings, while of doubtful relevance to the extradition proceedings, were included because of the plaintiff's claim that he acted under duress in California and that returning him to that state would seriously endanger his health. In any event, whether the plaintiff's assertions were true presented questions of fact for the determination of the trial court. His lengthy criminal record was

obviously a material circumstance in determining what credibility, if any, should be given to his testimony.

We have recently reviewed the law applicable to extradition cases. See *Glavin* v. *Warden,* 163 Conn. 394, 311 A.2d 86; *Reynolds* v. *Conway,* 161 Conn. 329, 288 A.2d 77; *Mandarano* v. *Tierney,* 151 Conn. 155, 195 A.2d 48; *McPheters* v. *Pollard,* 146 Conn. 509, 152 A.2d 632. It would serve no useful purpose to repeat what we have so recently restated.

We find no error in the judgment of the trial court which denied the plaintiff's petition for a writ of habeas corpus.

There is no error.