[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a habeas petition dated April 23, 2002, the petitioner brought this habeas action asserting that:
"I am being denied my right to die."
The petitioner further states that:
 "It is my desire to take advantage of my right to CT Page 5628 die and donate my organs to people who are awaiting organ transplants. I have the ability to commit suicide at any time, but doing so would render my organs unviable (sic) by the time DOC discovers my body. I am wasting my life here and would like the opportunity to give someone else a chance at life and save the state some money."
As a prayer for relief, the petitioner demands that this Court:
"Enter orders that I can be assisted in committing suicide."
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides in pertinent part that:
 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction . . .
It is well-settled law in this state that the Court may raise the issue of subject matter jurisdiction at any time.
 It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. Sasso v. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066
(1985). Practice Book 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
 "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11." Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987). "`[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . .'" Neyland v. Board of Education, 195 Conn. 174, 181, 487 A.2d 181 (1985), quoting Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571
(1981). "The objection of want of jurisdiction may be CT Page 5629 made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention." (Internal quotation marks omitted.) Doe v. Heintz, 204 Conn. 17, 35, 526 A.2d 1318 (1987); Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307 (1912). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." Laurel Park, Inc. v. Pac, 194 Conn. 677, 679 n. 1, 485 A.2d 1272
(1984); see also Practice Book 145.
 Lewis v. Gaming Policy Board, 224 Conn. 693, 698 (1993).
The petitioner in the instant action has failed to allege that he is being illegally confined.
 "In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement." Macri v. Hayes, 189 Conn. 566, 568, 456 A.2d 1186 (1983). The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. McPheters v. Pollard, 146 Conn. 509, 510, 152 A.2d 632 (1959). "The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) Wright v. Hutt, 50 Conn. App. 439, 449, 718 A.2d 969 (1998). While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations; Gaines v. Manson, 194 Conn. 510, 528, 481 A.2d 1084 (1984); it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. Giannotti v. Warden, 26 Conn. App. 125, 126
n. 1, 599 A.2d 26 (1991), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992)
 Jenkins v. Commissioner of Correction, 52 Conn. App. 385, 406 (1999).
CT Page 5630 The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention. Wojculewicz v. Cummings, 143 Conn. 624, 627, 124 A.2d 886. Where a person is confined pursuant to a judgment, the validity of his detention under that judgment is the proper issue to be determined. Perell v. Warden, 113 Conn. 339, 342, 155 A. 221. Ordinarily, the writ is not available for any other purpose. 39 C.J.S. 428, Habeas Corpus, 4(a). The petition for the writ must allege facts supporting a claim of illegal confinement. Mayock v. Superintendent, Norwich State Hospital, 154 Conn. 704, 705, 224 A.2d 544. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. See McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238.
 Flaherty v. Warden, 155 Conn. 36, 39 (1967).
 The scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. Our Supreme Court found that "[t]he writ of habeas corpus, as it is employed in the twentieth century, however, does not focus solely upon a direct attack on the underlying judgment or upon release from confinement"; Lozada v. Warden, 223 Conn. 834, 841, 613 A.2d 818 (1992); but is available as a remedy for issues of fundamental fairness implicating constitutional rights. Id., 840; see also Arey v. Warden, 187 Conn. 324, 445 A.2d 916 (1982) (claims concerning conditions of confinement may be brought in habeas corpus proceeding). This court has similarly recognized that "the well established precepts of illegal detention and deprivation of constitutional rights remain the touchstones of [habeas corpus] jurisdiction." Vincenzo v. Warden, 26 Conn. App. 132, 138 n. 4, 599 A.2d 31 (1991). We must therefore determine whether the petitioners have alleged sufficient facts to constitute the deprivation of a legally recognized constitutional right.
 Santiago v. Commissioner of Correction, 39 Conn. App. 674, 679 (1995). CT Page 5631
Even if this Court was able to construe the instant petition as a request for relief from an illegal confinement. The relief sought by the petitioner requires this Court to order the Warden of Cheshire to commit an illegal act.
Section 53a-56 of the Connecticut General Statutes concerns the crime of manslaughter in the second degree. This statute provides that:
 (a) A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person; or (2) he intentionally causes or aids another person, other than by force, duress or deception, to commit suicide. (emphasis added)
Subsection 53a-56 (b) of the Connecticut General Statutes provides that manslaughter in the second degree is a class C felony.
This Court cannot and will not under any circumstances order the Warden of Cheshire to commit an act that is illegal under Connecticut law.
After completing its review of this matter, this Court has come to the conclusion that it is without subject matter jurisdiction to grant the requested relief of an assisted suicide. The petition for habeas corpus is denied.
In light of the nature of the relief that was being sought by the petitioner in this matter, the Court is concerned about his safety and therefore orders the Clerk to send a copy of the petition and this Memorandum of Decision directly to the Warden of the institution where the petitioner is being held.
Richard A. Robinson May 2, 2002