[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6215
By way of a habeas petition dated April 24, 2002, the petitioner brought this habeas action asserting that:
 "I would like a lawyer for a sentence modification."
The petitioner further states that:
 "On the day of sentencing my attorney informed me to apply for a sentence modification after the completion of five years. I'm requesting from the court for Attorney (sic) representation."
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides in pertinent part that:
 The judicial authority may, at any time, upon its own motion or upon the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction . . .
It is well-settled law in this state that the Court may raise the issue of subject matter jurisdiction at any time.
 It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. Sasso v. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066
(1985). Practice Book 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
 "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11." Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987). "`[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . .'" Neyland v. Board of Education, 195 Conn. 174, 181, 487 A.2d 181 (1985), CT Page 6216 quoting Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571
(1981). "The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention." (Internal quotation marks omitted.) Doe v. Heintz, 204 Conn. 17, 35, 526 A.2d 1318 (1987); Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307 (1912). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." Laurel Park, Inc. v. Pac, 194 Conn. 677, 679 n. 1, 485 A.2d 1272
(1984); see also Practice Book 145.
 Lewis v. Gaming Policy Board, 224 Conn. 693, 698
(1993).
The petitioner in the instant action does not assert that he is being illegally confined. Instead, it appears that he wishes to obtain legal counsel in order to assist him in filing a sentence modification.
 "In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement." Macri v. Hayes, 189 Conn. 566, 568, 456 A.2d 1186 (1983). The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. McPheters v. Pollard, 146 Conn. 509, 510, 152 A.2d 632 (1959). "The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) Wright v. Hutt, 50 Conn. App. 439, 449, 718 A.2d 969 (1998). While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations; Gaines v. Manson, 194 Conn. 510, 528, 481 A.2d 1084 (1984); it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. Giannotti v. Warden, 26 Conn. App. 125, 126
CT Page 6217 n. 1, 599 A.2d 26 (1991), cert. denied, 221 Conn. 905, 600 A.2d 1359 (1992)
 Jenkins v. Commissioner of Correction, 52 Conn. App. 385, 406 (1999).
 The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention. Wojculewicz v. Cummings, 143 Conn. 624, 627, 124 A.2d 886. Where a person is confined pursuant to a judgment, the validity of his detention under that judgment is the proper issue to be determined. Perell v. Warden, 113 Conn. 339, 342, 155 A. 221. Ordinarily, the writ is not available for any other purpose. 39 C.J.S. 428, Habeas Corpus, 4(a). The petition for the writ must allege facts supporting a claim of illegal confinement. Mayock v. Superintendent, Norwich State Hospital, 154 Conn. 704, 705, 224 A.2d 544. Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. See McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed. 238.
 Flaherty v. Warden, 155 Conn. 36, 39 (1967).
The petitioner filed the instant action to obtain counsel to assist him in applying for a sentence reduction pursuant to the provisions of § 53-59 C.G.S. The petition does not present issues of either illegal confinement nor conditions of confinement. Whereas the petition does not state a cause of action for which this Court can grant the requested relief, it is without subject matter jurisdiction and the petition is denied.
 ___________________ Richard A. Robinson, J. May 3, 2002