PATRICK PALUGA *v.* JOHN WOLFE, SUPERINTENDENT OF NEW HAVEN CORRECTIONAL CENTER

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 129069
AT NEW HAVEN

Memorandum filed November 30, 1971

*T. Paul Tremont,* of Bridgeport, for the plaintiff.

*Jerrold H. Barnett,* assistant state's attorney, for the defendant.

TEDESCO, J. The plaintiff was detained by reason of a bench warrant issued September 9, 1971, and he is being held in the state correctional institution at New Haven. He was presented on September 15, 1971, in the Superior Court at New Haven and pleaded not guilty.

A writ of habeas corpus was issued on November 16, 1971, in which the plaintiff claims that his confinement is illegal in that he has not been presented within a period of forty-five days from his first presentment as required by Public Acts 1971, No. 513 (General Statutes § 54-53a).

The motion to dismiss or quash will be treated by the court as a motion to quash. The court hereby determines that a motion to quash may be used to attack this writ of habeas corpus for alleged defects appearing on the face of the writ. See 5 Wharton, Criminal Law and Procedure § 2233, p. 471.

This court is of the opinion that the procedure followed by the plaintiff is shrouded in doubt. Questions of constitutional shortcomings should not always be tested by collateral undertakings. The plaintiff has available to him remedies within the very court that has assumed jurisdiction of the case, namely, the criminal side of the Superior Court. If the plaintiff feels aggrieved by the failure of the state to present him, he may file a motion of dismissal or for reduction of bond or choose other remedies available. *Rollerson* v. *United States,* 405 F.2d 1078, 1080.

The motion to quash is granted.