CHARLES TIMMS v. JOHN R. MANSON, WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued December 5, 1979—decision released May 20, 1980

*Charles D. Gill*, public defender, for the appellant (plaintiff).

*Linda K. Lager*, assistant state's attorney, with whom, on the brief, were *Arnold Markle*, state's attorney, and *Michael Dearington*, assistant state's attorney, for the appellee (defendant).

PER CURIAM. On January 9, 1952, the plaintiff Timms was convicted of two criminal charges and was sentenced to a term of two to five years. On November 14, 1961, he was convicted of three criminal charges and was sentenced to a term of four to twelve years. The bench warrant used in connection with the 1961 charges was not supported by oath or affirmation as required by the fourth amendment to the United States constitution.

This court subsequently held, in *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900 (1965), that a bench warrant issued without support by oath or affirmation was fatally defective. In *Reed* v. *Reincke,* 155 Conn. 591, 236 A.2d 909 (1967), this court refused to apply *Licari* retroactively where no claim of an unfair trial was made.

In 1967, the plaintiff was convicted on a guilty plea of a criminal charge. On the basis of the 1952, 1961 and 1967 convictions the plaintiff was sentenced as a third offender under § 54-121 of the General Statutes (Rev. to 1958)[1] to a term of four to thirty years.

In 1969, the Superior Court in *Timms* v. *Warden,* Superior Court, Hartford County, No. 158141, rejected the plaintiff's claim that the 1961 conviction could not be used as the basis for the third offender conviction, and in 1970 the United States District Court in *Timms* v. *Adams,* Civil No. 13971, D. Conn., also rejected the same claim.

On March 23, 1977, the plaintiff filed an amended petition for habeas corpus in the Superior Court

---

[1] General Statutes § 54-121 (Rev. to 1958) was repealed by Public Acts 1969, No. 828 § 214, effective October 1, 1971. The sentencing of persistent offenders is now covered by § 53a-40 of the General Statutes (Rev. to 1979).

in which he claimed that his third offender conviction should be vacated because "[t]he use of the conviction of November 14, 1961 to support the third offender conviction was illegal in that the bench warrant used was issued without oath or affirmation." The defendant moved to dismiss the petition on the ground that the 1961 conviction not only was valid but had previously been so adjudicated.

We conclude that the court properly dismissed the petition on the basis of its conclusion that the identical issue had already been adjudicated in 1969 and 1970.

There is no error.