CHARLES TIMMS *v.* JOHN R. MANSON, WARDEN

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued May 5—decision released August 10, 1982

*Charles D. Gill,* public defender, with whom, on the brief, was *Susan Leslie,* law student intern, for the appellant (petitioner).

*Michael Dearington,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Linda K. Lager,* assistant state's attorney, for the appellee (state).

PER CURIAM. In this habeas corpus action, the petitioner, Charles Timms, alleges that he is illegally confined under a third offender sentence because at the time of one of the convictions upon which the sentence is based he was uncounseled. The petitioner has appealed, upon certification, from the judgment of the trial court dismissing his petition.

In 1967, the petitioner alleges, he was sentenced to "a term of four to thirty years" after pleading guilty to a third offender charge under General Statutes § 54-121.[1] This charge was predicated upon two prior felony convictions: one in 1952, the other in 1961.[2] It is the 1952 conviction which is at issue in this case.

The petitioner claims that he was without legal representation at the time of his 1952 conviction and, therefore, that he was convicted in violation of *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). If so, the 1952 conviction could not be used to support the third offender sentence. *Burgett* v. *Texas,* 389 U.S. 109, 115, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967); see *United States* v. *Tucker,* 404 U.S. 443, 449, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972).

In 1952, the petitioner, then aged nineteen, pleaded guilty to charges of kidnapping and automobile theft and was sentenced on the same day to a term of imprisonment. The transcript of the 1952

---

[1] General Statutes § 54-121 was repealed by Public Acts 1969, No. 828, § 214, effective October 1, 1971. The sentencing of persistent offenders is now provided for by General Statutes § 53a-40.

[2] The petitioner unsuccessfully challenged his current sentence on the ground that the 1961 conviction could not be used as a basis for the third offender charge. See *Timms* v. *Manson,* 180 Conn. 660, 433 A.2d 998 (1980).

proceeding shows that just prior to the petitioner's guilty plea, a public defender was appointed guardian ad litem for him; there is no indication, however, that counsel was appointed for the petitioner or that an appearance was filed on his behalf.[3]

The trial court dismissed the petition because the court concluded that the petitioner did have the assistance of counsel at the time of the 1952 conviction. On appeal, the petitioner claims that this conclusion was erroneous because it was based on an incorrect interpretation of the 1952 proceeding and on the false assumption that it was the petitioner's burden to prove that he was without counsel.

It is well established that to challenge the subsequent use of a conviction without legal representation, the habeas corpus petitioner must, inter alia, allege and prove that he or she was indigent at the time of the conviction and, therefore, was entitled to appointed counsel. *Kitchens* v. *Smith,* 401 U.S. 847, 848–49, 91 S. Ct. 1089, 28 L. Ed. 2d 519 (1971); *Farrow* v. *United States,* 580 F.2d 1339, 1355 (9th Cir. 1978); *Strader* v. *Troy,* 571 F.2d 1263, 1270 (4th Cir. 1978); see *Mitchell* v. *United States,* 482 F.2d 289, 295–96 (5th Cir. 1973); *Craig* v. *Beto,* 458 F.2d 1131, 1135 (5th Cir. 1972); cf. *State* v. *DeJoseph,* 3 Conn. Cir. Ct. 624, 636, 222 A.2d 752, cert. denied, 153 Conn. 747, 220 A.2d 771, cert. denied, 385 U.S. 982, 87 S. Ct. 526, 17 L. Ed. 2d 443 (1966). In this

---

[3] The attorney, now deceased, who was appointed guardian ad litem testified in 1977 at a hearing on an earlier habeas petition that he had no independent recollection of what occurred during the 1952 proceeding. He testified, however, that in 1952 court practice did not require the filing of an appearance, and that the court practice at the time was to appoint counsel for individuals, such as the petitioner, who were charged with felonies.

case, the petitioner did not even allege that he was indigent at the time of his 1952 conviction. By failing to allege and prove indigency, the petitioner has failed to set forth a proper claim that the use of his 1952 conviction for his third offender conviction was in violation of his constitutional rights. See *Kitchens* v. *Smith,* supra; *Burgett* v. *Texas,* supra.

Because the petitioner failed to allege and prove an essential element of his claim, the dismissal of his petition was proper. This conclusion makes it unnecessary for us to consider whether the trial court erred in concluding that the petitioner had the assistance of counsel for his 1952 conviction.

There is no error.