JULIA S. MACRI *v.* FRANCIS HAYES ET AL.
(11391)

SPEZIALE, C. J., PETERS, SHEA, GRILLO and F. HENNESSY, Js.

Argued December 8, 1982—decision released March 22, 1983

*George R. Macri,* pro se, guardian ad litem of Julia S. Macri, appellant (plaintiff).

*William J. McCullough,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellees (defendants).

PER CURIAM. The plaintiff, confined at Norwich Hospital under an order issued pursuant to Gen-

eral Statutes § 54-56d,[1] filed an application for a writ of habeas corpus claiming that she is imprisoned illegally. A hearing was held and her application for immediate release was denied.[2] The plaintiff has appealed claiming that the court erred in deciding that the plaintiff's confinement at Norwich Hospital is not illegal.

In the trial court the plaintiff filed a writ of habeas corpus in accordance with General Statutes § 17-201,[3] claiming that she is being imprisoned illegally. No factual basis supporting it was alleged

[1] The defendant was confined under an order by the court, *Allen, J.*, on October 23, 1981. On March 8, 1982, three days before the hearing on the petition of habeas corpus, a decision was issued in Superior Court, G.A. 13 as a result of a timely review of the status of the plaintiff in accordance with the provisions of § 54-56d. The court found that the plaintiff currently was incompetent to stand trial for criminal charges pending against her but that she would probably become competent within the foreseeable future. The plaintiff was returned to the Norwich Hospital.

[2] At the close of the plaintiff's presentation at the habeas hearing, the defendants made an oral motion to quash the application for failure to prove illegal confinement. The court subsequently granted this motion. The judgment file, however, does not indicate that the writ was quashed but rather states that "the writ of habeas corpus is denied."

Practice Book § 532 authorizes the filing of a motion to quash before a return is filed to test the sufficiency of the petition on which the writ was granted and the propriety of the issuance of the writ. This procedure was not followed in the present case. The plaintiff, however, had the opportunity to present her case to the trial court. There were no facts presented at the hearing which would alter our disposition of the case. While we do not condone this defect in procedure, we conclude that to remand the case would serve no purpose since our ultimate decision would remain the same. *Kennedy v. Walker*, 135 Conn. 262, 266, 63 A.2d 589 (1948), aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715, reh. denied, 337 U.S. 934, 69 S. Ct. 1493, 93 L. Ed. 1740 (1949).

[3] General Statutes § 17-201 provides in part: "Each person confined in a hospital for mental illness in this state shall be entitled to the benefit of a writ of habeas corpus, and the question of the legality of such confinement in a hospital for mental illness shall be determined by the court or judge issuing such writ. . . ."

nor was any argument offered at the hearing to substantiate it. A motion to quash may be used to attack a writ of habeas corpus for defects appearing on the face of the writ. *Fasulo* v. *Arafeh,* 173 Conn. 473, 490, 378 A.2d 553 (1977) (*Loiselle, J.,* dissenting); *Paluga* v. *Wolfe,* 29 Conn. Sup. 434, 435, 290 A.2d 358 (1971).

In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. *Timms* v. *Warden,* 188 Conn. 27, 30, 448 A.2d 202 (1982); *Fasulo* v. *Arafeh,* supra, 490; *Mayock* v. *Superintendent,* 154 Conn. 704, 705, 224 A.2d 544 (1966). This the plaintiff failed to do. The court properly granted the motion to quash and denied the petition.

There is no error.