[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent has filed Motions to Quash the second and third counts of petitions for writs of habeas corpus filed by the three petitioners. Except for details, such as the names of the persons involved, the language of the allegations contained in the counts under attack is identical for all three petitions.
In these motions the respondent asserts that the allegations in these counts fail to meet the specificity required under C.P.B. Section 530, which governs such petitions. It should be noted that, in earlier proceedings, this court denied the respondent's Requests to Revise these counts asserting essentially the same reason of lack of specificity. The court's denial of these requests was founded on its holding that Requests to Revise are not allowed in habeas corpus proceedings and that a claim of a lack of specificity must be raised by a Motion to Quash. In response to that decision by the court, the respondent has filed the present Motions to Quash.
The paragraphs assailed by the respondent for failure to state the specific grounds upon which counts two and three are based are paragraphs eight through eleven. A copy of these paragraphs is attached to this memorandum. Paragraphs CT Page 7056 eight and nine allege that the petitioners' guilty pleas were entered upon advice of counsel and this advice was "incomplete" and "incorrect", respectively. Paragraphs ten and eleven indicate that the advice given by counsel was rendered without adequate investigation of the circumstances surrounding the incidents; the availability and credibility of prosecution witnesses; the petitioners' versions of the incident; the viability of various theories of defense; the law surrounding the charges and potential defenses; the projected eligibility for and calculation of time credits and early release programs.
In a writ of habeas corpus alleging illegal confinement, the petition must set forth the specific grounds for the issuance of the writ, including the basis for the claim of illegality, Macri v. Hayes, 189 Conn. 566 (1983), p. 568. In the context of a claim of illegal confinement based on ineffective assistance of counsel, as in count two of these petitions, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," Strickland v. Washington, 466 U.S. 668 (1984), p. 690 (emphasis added). This particularity is necessary so that the habeas court can "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Ibid. (emphasis added).
Paragraphs ten and eleven of counts two and three arguably specify in what ways respective trial counsel failed to complete pre-plea investigation of these cases. But these count, contain no specifics as to the manner in which the advice given to the petitioners was either "incomplete" or "incorrect." In other words, these counts may indicate how counsel's investigations were deficient but not how their advice was deficient. There is no particularized claim that as a result of the purportedly inadequate investigation, the petitioners were given any particular erroneous advice or did not receive any specific advice that they should have been given. It is possible that, despite limited investigation, the petitioners received correct and complete advice on their decisions to plead guilty.
It is incumbent upon the petitioners to state in their petitions precisely what incorrect advice was given and what essential advice was not given that should have been, Macri v Hayes, supra; and Strickland v. Washington, supra.
Therefore, the Motions to Quash are granted as to the second and third counts of the three petitions, and the petitioners have thirty days in which to plead these counts CT Page 7057 over or these counts will be dismissed.
BY THE COURT, HON. SAMUEL J. SFERRAZZA SUPERIOR COURT JUDGE