[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]]
The respondent has moved to quash the habeas corpus petition filed by the petitioner on the basis that the petition fails to state a claim cognizable in a habeas corpus proceeding.
A motion to quash may be used to attack the legal sufficiency of a petition seeking habeas corpus relief, Practice Book § 532; [Macri v. Hayes], 189 Conn. 566, 567 n. 2 CT Page 4781 (1983). When considering a motion to quash, the allegations contained in the petition are deemed admitted, Practice Book § 532. Because a motion to quash is procedurally equivalent to a demurrer or motion to strike, [Doe v. Doe],163 Conn. 340, 341 (1972), resorting to facts outside those alleged in the petition is prohibited, [Liljedahl Bros., Inc.v. Grigsby], 215 Conn. 345, 348 (1990).
The petition indicates that, on December 30, 1992, the petitioner was an inmate at the Enfield Medium Correctional Institute. Sometime shortly before that date, the petitioner was assigned to a particular cell at that facility which cell was furnished with a footlocker which was also assigned for use by the petitioner while in that cell. On December 30, 1992, corrections officials conducted a shakedown search of the building in which the petitioner's cell was located. Upon searching the petitioner's footlocker, they discovered that the footlocker had a false bottom which concealed a secret compartment in which were hidden twenty-seven homemade weapons.
On January 5, 1993, a disciplinary hearing was held regarding the petitioner's alleged possession of these weapons. Despite the petitioner's claim of innocence, a disciplinary committee found the petitioner guilty of an infraction of prison rules and penalized his, among other measures, by forfeiting eighty days of the petitioner's earned good conduct time.
The petitioner contends in his habeas petition that the decision of the disciplinary committee violated his right to due process of law as guaranteed by the state and federal constitutions because that decisions was based on insufficient evidence to support the committee's finding of guilt.
General Statutes §§ 18-7 and 18-7a govern the awarding of good conduct credit to inmates. These statutory provisions also afford certain corrections officials the discretion to remove all or any portion of credits earned for violation of prison regulations. The respondent claims that, as a matter of law, the evidence before the committee was sufficient to satisfy due process.
Where a state provides a statutory right to good conduct credit and specifies that it may be forfeited only by virtue of prison misconduct, an inmate in that state possesses a liberty interest in that credit sufficient to require certain minimum CT Page 4782 procedures to assure that that interest is not arbitrarily abrogated, [Wolff v. McDonnell], 418 U.S. 539, 557
(1974). These minimum due process requirements are:
1. advance, written notice of the disciplinary charge;
 2. an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence;
 3. a written statement of the factfinder regarding the evidence relied upon and the reasons for the disciplinary action, Id., 956.
The case of [Wolff v. McDonnell], supra, however, sets forth no minimum standard of proof which comports with' due process with respect to forfeiting good conduct credit or the implementation of other punishments. That issue was addressed in [Superintendent v. Hill], 472 U.S. 445,455 (1985). There the United States Supreme Court held that the requirements of due process are met if "some evidence" supports the decision to revoke good conduct credit, Id. An evaluation of whether the standard of "some evidence" was satisfied need not require a judicial examination of the entire disciplinary hearing, but merely a determination of whether there exists any evidence before the disciplinary body which supports its conclusion, Id.
In [Superintendent v. Hill], supra, the Supreme Court found that evidence that a guard heard a commotion, saw an injured inmate, and observed three other inmates walking together in the same, enclosed walkway as the injured inmate was sufficient to meet this standard with respect to an allegation of assault against all three inmates despite the absence of any evidence that any one of the three struck the victim, Id., 456. Although the Supreme Court characterized this evidence as "meager", it held that direct evidence linking a particular inmate with the assault was unnecessary to satisfy the disciplined inmate's rights to due process under the same evidence standard, Id., 457.
The court finds that the allegations in the petition which indicate that the twenty-seven contraband weapons found in a secret compartment of the footlocker assigned to the petitioner also meets the requisite, minimum due process standard of some CT Page 4783 evidence supporting the petitioner's guilt. One reasonable inference to draw from these facts is that the inmate who had access, use, and control of the footlocker knew of its illicit contents and possessed them. While this evidence might also be called "meager", it does meet the some evidence standard set forth in [Superintendent v. Hill], supra.
This standard of due process having been met by the disciplinary committee in the petitioner's case, the motion to quash is granted, and the petition is dismissed.
Sferrazza, J.