[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent has moved to quash the habeas corpus petition filed by the petitioner on the basis that the' petition fails to state a claim cognizable in a habeas corpus proceeding.
A motion to quash may be used to attack the legal sufficiency of a petition seeking habeas corpus relief, Practice Book § 532;Macri v. Hayes, 189 Conn. 566, 567 n. 2 (1983). When considering a motion to quash, the allegations contained in the petition are deemed admitted, Practice Book § 532. Because a motion to quash is CT Page 5495 procedurally equivalent to a demurrer or motion to strike, Doe v.Doe, 163 Conn. 340, 341 (1972), resorting to facts outside those alleged in the petition is prohibited, Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348 (1990).
The amended petition in this case alleges that the petitioner is an inmate who has been in punitive segregation since March of 1992, and, while in such status, the respondent has refused to allow the petitioner visits with his daughter. The respondent contends that because this claim relates only incidentally to the petitioner's confinement and does not attack the fact of confinement or its length, the habeas court lacks jurisdiction to grant habeas corpus relief. The court agrees.
"The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention," Flaherty v. Warden, 155 Conn. 36, 39 (1967). Ordinarily, the writ is unavailable for any other purpose, Id, 40.
Our Supreme Court has implicitly recognized an exception to this proposition where the complaint asserts a violation of the constitutional prohibition against cruel and unusual punishment,Arey v. Warden, 187 Conn. 324, 328 (1982). Cruel and unusual punishment refers to punishment which involves the unnecessary and wanton infliction of pain or is grossly disproportionate to the severity of the crime, Id. The petitioner has made no claim in his amended petition that the lack of visitation privileges regarding his daughter comes within the meaning of the phrase cruel and unusual punishment.
In Dukuley v. Warden, 34 Conn. Sup. 88 (1977), the habeas court overruled a demurrer to a prayer for relief in a habeas case. The court held that, because a writ of habeas corpus was the only practical procedure available to redress inmates' claims regarding the conditions of their confinement, habeas corpus relief could be afforded to remedy such claims even though the claims went beyond an assault on the fact of confinement itself. Our Supreme Court, however, in Sanchez v. Warden, 214 Conn. 23 (1990), expressed, in dicta, strong doubt concerning the continued vitality of Dukuley v.Warden, supra, in light of the availability of inmate recourse to the remedies provided under 42 U.S.C. § 1983 and 1988 to correct unconstitutional or illegal conditions of confinement, Id, 34.
In Vicenzo v. Warden, 26 Conn. App. 132, 138 (1991), the Appellate Court cited Sanchez v. Warden, supra, to support the CT Page 5496 proposition that issues outside of the lawfulness of detention cannot properly be reviewed in a habeas action. The Appellate Court found a lack of subject matter jurisdiction for a habeas court to entertain a claim that a prisoner's custody was illegal because the parole board operated in violation of the UAPA with respect to his parole status. The Court held that unless the claimed violation implicates a liberty interest, as opposed to some other legal right or interest, the habeas court cannot decide the matter, Id, 133.
At least one lower court decision has interpreted the decision in Vincenzo v. Warden, supra, to eliminate conditions of confinement claims from the jurisdictional realm of habeas corpus relief. In Allen v. Commissioner, 8 Conn. L Reptr. No. 15, 478 (April 12, 1993), Judge Hodgson held that, as a consequence ofVincenzo v. Warden, supra, a writ of habeas corpus may legitimately challenge only the fact of custody or its duration but not the circumstances of prison life, Id., 480.
With this background in mind, the court concludes that Dukuley v. Warden, supra, is no longer viable precedent to permit a habeas Court to hear and decide claims, regarding conditions of confinement in general. The court holds that a habeas court has subject matter jurisdiction to hear and decide only those cases that challenge the fact or duration of imprisonment and such jurisdiction does not extend to challenges to the conditions of confinement unless the claim amounts to one alleging a violating of the bar against cruel and unusual punishment such as was considered under Arey v. Warden, supra.
For these reasons, the motion to quash is granted, and the petition is dismissed.
Sferrazza, J.