[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO QUASH
The respondent has moved to quash the habeas corpus petition filed by the petitioner on the basis that the petition is legally insufficient.
A motion to quash may be used to attack the legal sufficiency of a petition seeking habeas corpus relief. Practice Book § 532; Macri v. Hayes, 189 Conn. 566, 567 n. 2 (1983). When considering a motion to quash, the allegations contained in the petition are deemed admitted. Practice Book § 532. Because a motion to quash is procedurally equivalent to a demurrer or motion to strike, Doe v. Doe, 163 Conn. 340, 341
(1972), resorting to facts outside those alleged in the petition is prohibited. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990).
On March 14, 1995, the petitioner filed a two count amended petition alleging, first, that he was denied the effective assistance of counsel because of his having been sentenced in reliance on an inaccurate and incomplete presentence investigation report; and, second, that the petitioner has been and will continue to be held in an inaccurate and unfavorable light with reference to sentence review, with reference to administrative reviews regarding placement by respondent's department such as home release or halfway house, etc., with reference to treatment, and/or with reference to parole, and any other hearings or reviews which involve the exercise of discretion respecting the petitioner. There is no indication in the petition that the petitioner attempted to appeal or apply for sentence review or parole or any other administrative review or hearing, nor is there any allegation that such steps, if taken, were unsuccessful.
On March 16, 1995, the respondent filed this motion to quash the petition. CT Page 4715
In order to be entitled to habeas corpus relief based on a claim of ineffective assistance of counsel, the petitioner must prove the two components of such a claim. First, the petitioner must establish that his attorney's performance was deficient, and second that this deficient performance prejudiced the defense. Johnson v. Commissioner, 218 Conn. 403,414 (1991). The second component involves a showing that there exists a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different. Ostolaza v. Warden, 26 Conn. App. 758,761 (1992).
Because there are no allegations that the petitioner's attempts to appeal his convictions or apply for sentence review or parole or any other administrative review or hearing were turned down, there are no "outcomes" of the proceedings adverse to the petitioner. It remains possible for the petitioner to attempt to appeal and apply for sentence review, etc., albeit late, and to have his claims heard on the merits. The petitioner cannot assert that the outcome of his case would have been different until that outcome is known. No prejudice to the petitioner having yet occurred, according to the allegations in his petition, this claim is undecidable at this time.
Accordingly, the respondent's motion to quash is granted and the petition is dismissed.
Robert A. Martin, Judge