[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent has filed a motion to quash the second count of the petitioner's sixth amended petition which seeks habeas corpus relief from purportedly unlawful confinement. The second count of that amended petition alleges that the petitioner's trial counsel, Attorney Samuel Dixon, had a conflict of interest because he also represented the estate of the petitioner's deceased father, refused to disburse to the petitioner his share of his father's estate, and used his position as legal representative of the estate to coerce the petitioner into retaining Dixon as legal counsel for the petitioner's criminal case.
The respondent contends that the allegations set forth above are insufficient, as a matter of law, to establish grounds upon which habeas corpus relief may be granted. The court agrees.
A motion to quash may be used to attack the legal sufficiency of a petition seeking habeas corpus relief, Practice Book § 532;Macri v. Hayes, 189 Conn. 566, 567 n. 2 (1983). When considering a motion to quash, the allegations contained in the petition are deemed admitted, Practice Book § 532. Because a motion to quash is procedurally equivalent to a demurrer or motion to strike, Doe v.Doe, 163 Conn. 340, 341 (1972), resorting to facts outside those alleged in the petition is prohibited, Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348 (1990).
"The writ of habeas corpus is available to a person restrained of his liberty who desires a hearing to determine the legality of his detention," Flaherty v. Warden, 155 Conn. 36, 39 (1967). Ordinarily, the writ is unavailable for any other purpose, Id., 40.
The second count of the amended petition avers that Dixon engaged in certain unethical behavior. That count is devoid of any CT Page 7991 allegation connecting this purported misconduct to the conduct or outcome of the petitioner's criminal trial. It is incumbent upon the petitioner to state the specific manner in which his criminal trial was fundamentally flawed by Dixon's refusal to disburse to the petitioner his inheritance and foisting of his legal services upon the petitioner, Macri v. Hayes, supra, 568; Timms v. Warden,188 Conn. 27, 30 (1982). It is entirely possible for Dixon to have procured the petitioner as a client improperly and yet have provided competent representation at the trial. The petitioner's general assertion of "divided loyalty" is insufficient alone to infer that Dixon's legal assistance at trial was in any way deficient. In short, while this count alleges Dixon's misbehavior before he represented the petitioner it fails to allege substandard conduct with respect to Dixon's performance after he began representing the petitioner.
The motion to quash as to the second count of the amended petition is granted.
Sferrazza, J.