[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By pleading dated August 21, 1995 the respondent has moved to quash the petitioner's document entitled "Plaintiff's Grounds for Ineffective Assistance of Counsel" dated December 23, 1994 on the several grounds that the document lacks the necessary specificity, that it is, in some paragraphs, vague and ambiguous, that it fails to state a claim upon which relief may be granted, and that it improperly mixes fact pleading with legal claims and conclusions. At the hearing on this motion both parties agree that the subject document is, in fact, the petitioner's Amended Petition.
On March 6, 1991. the petitioner was convicted, by his own guilty plea, of attempted murder, and he was found in contempt of court. He received a total sentence of fifteen years and three CT Page 10331 months confinement. This Petition was initially filed on December 3, 1992 by the petitioner claiming that he was denied the effective assistance of counsel. Given the nature of the petitioner's claim, the court appointed a special public defender to represent the petitioner in these proceedings. Subsequently, the court, on December 1, 1994, granted the petitioner's Motion to Dismiss Counsel. The petitioner has thereafter appeared pro se in these proceedings.
The respondent asserts that the petitioner's claims lack particularity. In a writ of habeas corpus alleging illegal confinement, the petition must set forth the specific grounds for the issuance of the writ, including the basis for the claim of illegality. Macri v. Hayes, 189 Conn. 566 (1983). In the context of a claim of illegal confinement based on ineffective assistance of counsel, as in this action, the petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668 (1984). This particularity is necessary so that the habeas court can . . . "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Ibid.
At oral argument on this Motion the respondent acknowledged that the petitioner's assertion, on page 2 of the Amended Petition, that his counsel failed to properly investigate this matter was sufficiently specific. The respondent argued, however, that the balance of the contents of page 2 and all of page 3 contain only legal arguments and conclusions. The court agrees, and, accordingly, orders the petitioner to delete from his petition its contents commencing on page 2 with the term "Rule 1.1" and the entirety of page 3.
On page 4 of his petition, the petitioner alleges that he was denied the right to effective assistance of counsel. At oral-argument the petitioner stated that this claim was separate from his claim of ineffective representation and that through this claim he was asserting that the trial court, in refusing to grant his', request to have a new lawyer appointed to represent him in lieu of his (then) present counsel, denied him the right to the effective assistance of counsel. While the court understands that this claim is distinct from the petitioner's claim that his counsel was ineffective, the bare statement that he was denied the right to effective assistance of counsel does not contain CT Page 10332 sufficient particularity to fairly notify the respondent of the facts upon which he relies to support this claim. Accordingly the court orders the petitioner to state with particularity the factual basis to his claim that he was denied the right to effective assistance of counsel. The balance of page 4 and the first paragraph on page 5 through the term "(1988)" are ordered stricken from the petition since they consist solely of legal argument and conclusions. The balance of the contents of page 5 may remain as proper factual allegations in support of the petitioner's claim that his counsel, failed to conduct a proper investigation.
The court agrees with the respondent that the allegations contained on page 6 of the Amended Petition consist entirely of legal argument and conclusions and accordingly, the court orders the contents of page 6 of the petition stricken.
The Amended Petition filed by the petitioner contains seven numbered pages followed by three un-numbered pages. The court considers the three un-numbered pages as a part of the body of the Amended Petition. For purposes of clarity, the court refers to them as un-numbered page 8, un-numbered page 9, and un-numbered page 10.
Un-numbered page 8 commences with the petitioner's allegation, "(C) Failed to properly examine case work." While the respondent agrees that this allegation states a factual claim, the meaning of the term, "case work" is unclear. Accordingly, the court orders the petitioner to state with particularity the factual basis for his claim that his counsel failed to properly examine "case work" so that the respondent can be adequately informed of the substance of this claim. The balance of the contents of un-numbered page 8 may remain.
At the beginning of un-numbered page 9, the petitioner alleges that his counsel failed to file motion(s) on his behalf. While this claim adequately informs the respondent of the subject matter of this aspect of the petitioner's ineffective assistance of counsel claim, the respondent is entitled to be informed of what motions the petitioner claims should have been filed on his behalf and in what regard it was ineffective for his counsel not to have filed such motions. Accordingly, the court orders the petitioner to make this claim more specific by setting forth with particularity the facts on which he relies in support of this claim. The balance of the contents of un-numbered page 9 may CT Page 10333 remain.
At the beginning of un-numbered page 10, the petitioner alleges that his counsel failed to explain to him what kind of evidence the State would have presented at the petitioner's "case". Since the petitioner was convicted of attempted murder on his own guilty plea it is not clear whether the petitioner is claiming that his counsel did not adequately inform him of the statutory elements of the offense or whether he is claiming that his counsel did not adequately inform him of the factual evidence on which the State intended to rely in his prosecution, or whether he is making both claims. Accordingly, the petitioner is ordered to make more specific his claim that his counsel failed to explain to him what kind of evidence the State would have presented at trial.
The petitioner's final claim set forth on un-numbered page 10 is that the case attorney failed to keep his part of the plea bargain with the petitioner. On questioning during oral argument on this Motion the petitioner stated that his reference to the "case attorney" in this claim was to the individual who prosecuted the underlying criminal charges. Accordingly, it appears that this assertion consists of a claim that he had a plea agreement with the State which was not honored by the State at the time of sentencing. While this claim may set forth a justiciable issue, the respondent should not be required to resort to guess work to understand the specific nature of the petitioner's claim. Accordingly, the petitioner is ordered to make this claim more specific by setting forth with particularity the terms of the agreement he claims to have had with the State and the specific behaviors by the State which the petitioner claims constituted a failure by the State to keep its part of the bargain.
While not raised by the respondent in his Motion to Quash, the respondent pointed out during oral argument that the currently-pending Amended Petition does not set forth a claim for relief. The court agrees. Accordingly, the petitioner is ordered to amend his petition to set forth the relief he seeks from this court.
The petitioner is ordered to file an Amended Petition in conformity with the orders set forth herein within forty five days of this Memorandum. The respondent shall file a responsive pleading within thirty days of the filing of the Amended CT Page 10334 Petition.
Bishop, J.